# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT JACKSON,

        Plaintiff,

vs.

DIEGO GRIMALDO,

        Defendant.

Case No. 2:16-cv-01878-APG-GWF

**ORDER**

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 1), filed on August 8, 2016.

## BACKGROUND

In Count I, Plaintiff alleges that his right to due process of the law was violated by Defendant Diego Grimaldo of the United States Marshal Service and John Doe of the U.S. Attorney's Office. Specifically, Plaintiff asserts that on August 5, 2014, during an evidentiary hearing, Defendant falsely testified as to Plaintiff's alleged "flight" and attempt to conceal his identity. In Count II, Plaintiff alleges that his right to a fair trial and due process of the law was violated on August 18, 2014 when Defendant testified before a jury at Plaintiff's trial. He alleges that Defendant's testimony was false and misled the jury. In Count III, Plaintiff alleges that his right against unreasonable search and seizure and right to due process of the law was violated. Plaintiff was subject to a traffic stop on May 20, 2011 and he alleges that the traffic stop, arrest, and subsequent incarceration was unconstitutional because the warrant was void, he was not charged until June 1, 2011, and because a detective admitted to lying under oath before the federal grand jury that indicted Plaintiff. According to his complaint, Plaintiff was convicted and is in custody at High Desert State Prison.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th

Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III. Instant Complaint

Plaintiff's complaint seeks relief for what appears to be alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971), for alleged violations of his constitutional rights. In *Bivens*, the Supreme Court established the right to bring a lawsuit for money damages against individual law enforcement officials acting under color of federal law. A *Bivens* action cannot be brought against the United States, agencies of the United States or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). *Bivens* actions against federal employees are the "judicially crafted counterpart" to claims against state actors arising under 42 U.S.C. § 1983. *See Chavez v. I.N.S.*, 17 F.Supp.2d 1141, 1143 (S.D.Cal.1998).

Section 1983 and "the federal habeas corpus statute ... both provide access to the federal court 'for claims of unconstitutional treatment at the hands of state officials ... [but] they differ in their scope and operation." *Pattillo v. Lombardo*, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) (citing *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003)). In *Heck v. Humphrey*, the Supreme

3

Court held that a state prisoner may not maintain a § 1983 claim for damages if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 480 (1994); *see also Clemons v. Williams*, 2016 WL 1238229, at *2 (D. Nev. Mar. 29, 2016); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996) (applying § 1983 rationale of *Heck* to *Bivens* action). Accordingly, under *Heck*, an action that challenges the validity of a plaintiff's criminal conviction or confinement is not cognizable unless the plaintiff can prove that his or her sentence has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A prisoner may challenge the validity of his arrest, prosecution, and conviction by *writ of habeas corpus*. *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

In other words, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *See Heck*, 512 U.S. at 487. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. *See also Pattillo v. Lombardo*, 2017 WL 3622778, at *4. An action should be allowed to proceed, however, if success on the merits will not necessarily invalidate a conviction against the plaintiff. *Heck*, 512 U.S. at 487.

### A. Prosecutorial Immunity

Plaintiff brings suit against U.S. Attorney John Doe based on allegations that he maliciously prosecuted Plaintiff by "conduct[ing] hearings in matters related to the Plaintiff..." *See Complaint* (ECF No. 1-1), pg. 2. A prosecutor is entitled to absolute immunity from a civil rights action for damages when he or she performs a function that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir.) (prosecutor protected by absolute immunity from liability for damages under federal civil rights law when performing traditional functions of an advocate) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)), cert. denied, 546 U.S. 1031-32 (2005). A prosecutor is entitled to absolute immunity for his or her acts in evaluating evidence assembled by investigators or police and appropriate preparation for its presentation before a grand jury after a decision to seek an indictment has been made. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Plaintiff's complaint

provides only bare allegations that appear to only concern Defendant John Doe's actions in court. Therefore, Plaintiff's allegations relate to functions intimately associated with criminal prosecution. As a result, Plaintiff's claim against U.S. Attorney John Doe must be dismissed on grounds of prosecutorial immunity. *Imbler,* 424 U.S. 409; 28 U.S.C. § 1915A(b)(2). Consequently, Plaintiff fails to state a claim upon which relief may be granted. The Court recommends Plaintiff's claim against Defendant John Doe be dismissed with prejudice because it is clear from the face of the complaint that the deficiencies cannot be cured with amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

### B. Plaintiff's Claims against Defendant Grimaldo

An individual defendant is not liable on a civil rights claim unless the facts establish that defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *Van Snowden v. Cazares*, 2015 WL 12859714, at *8 (C.D. Cal. Aug. 21, 2015) (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Individuals have a due process right under the Fourteenth Amendment "not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001). To establish a due process violation, a plaintiff must, at a minimum, allege either (1) that government officials continued their investigation "despite the fact that they knew or should have known that [plaintiff] was innocent;" or (2) "used investigative techniques that were so coercive and abusive that they knew or should have known those techniques would yield false information. *Cunningham v. Perez*, 345 F.3d 802, 811 (9th Cir. 2003).

Evidence that a law enforcement officer or government investigator intentionally or recklessly made false statements that proximately caused an individual's false arrest and prosecution can support a *Bivens* claim for damages. *See, e.g., Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002) ("government investigators may be liable for violating the Fourth Amendment when they submit false and material evidence in a warrant affidavit.")*; see also Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) (police officer who maliciously or recklessly makes false reports to prosecutor may be held liable for damages incurred as proximate result of those reports); *Van*

*Snowden v. Cazares*, 2015 WL 12859714, at *8 (C.D. Cal. Aug. 21, 2015).

To the extent that this claim is brought against Defendant Grimaldo in his individual capacity, the Court will screen the sufficiency of Plaintiff's allegations. Plaintiff appears to allege that Defendant Grimaldo violated his right to due process of the law, right to fair trial, and right against unreasonable search and seizure. He alleges that Defendant Grimaldo falsely testified at an evidentiary hearing and Plaintiff's jury trial that Plaintiff concealed his identity at a traffic stop. Plaintiff's allegations against Defendant Grimaldo impliedly challenges the validity of his conviction and he has not established that his sentence has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. Therefore, Plaintiff does not provide enough factual basis to determine whether Plaintiff's claims against Defendant Grimaldo are barred under *Heck*. The Court, therefore, dismisses Plaintiff's claims against Defendant Grimaldo with leave to amend to allow Plaintiff to establish whether his conviction has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Grimaldo be dismissed without prejudice and with leave to amend. Plaintiff shall have until **November 17, 2017** to file an amended complaint correcting the noted deficiencies.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendant John Doe be **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 17th day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge